IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSHUA D. ZOLLICOFFER a/k/a PASSION STAR,<br><br>　　　　　　　　　　Plaintiff,<br><br>*versus*<br><br>BRAD LIVINGSTON, personally and in his official capacity as Executive Director of the Texas Department of Criminal Justice ("TDCJ"); *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 4:14-cv-03037 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE

The parties hereto, by and through their undersigned counsel, herewith submit their proposed Discovery Plan, pursuant to Federal Rule of Civil Procedure 26(f).

**1.　State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

The conference was conducted by telephone on February 12, 2015.  The following persons participated:

For the Plaintiff:

Jael Humphrey-Skomer
NY State Bar No. 4697231
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY  10005-3919
Telephone:  (214) 809-8585
Facsimile:   (214) 809-0055
jhumphrey@lambdalegal.org

1

Paul D. Castillo
TX State Bar No. 24049461
Southern District of Texas No. 2451868
Lambda Legal Defense and Education Fund, Inc.
3500 Oak Lawn Avenue, Suite 500
Dallas, Texas 75219-6722
Telephone:  (214) 219-8585
Facsimile:   (214) 219-4455
pcastillo@lambdalegal.org

Christina N. Goodrich
CA State Bar No. 261722
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone:  (310) 552-5000
Facsimile: (310) 552-5001
christina.goodrich@klgates.com

Christopher J. Kondon
CA State Bar No. 172339
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone:  (310) 552-5000
Facsimile: (310) 552-5001
christopher.kondon@klgates.com

Saman M Rejali
CA State Bar No. 274517
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone:  (310) 552-5000
Facsimile: (310) 552-5001
saman.rejali@klgates.com

For the Defendants:

Kim Coogan
TX State No. 783867
Law Enforcement Defense Division
of the Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711

Telephone: (512) 463-2080
Facsimile: (512) 936-2109
kim.coogan@texasattorneygeneral.gov

Christin Cobe Vasquez
TX State Bar No. 24074047
Law Enforcement Defense Division
of the Office of the Attorney General
P.O. Box 12548
Capitol Station, Austin, TX 78711
Telephone: (512) 463-2080
Facsimile: (512) 936-2109
christin.vasquez@texasattorneygeneral.gov

    **2.    List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

The parties agree that there are no related cases pending in any court.

    **3.    Briefly describe was this case is about.**

This is a prisoner civil rights action.[1] Plaintiff Joshua Zollicoffer a/k/a Passion Star ("Plaintiff" or "Ms. Star") is a transgender woman in the custody of the Texas Department of Criminal Justice ("TDCJ"), who has been brutally attacked and raped by men incarcerated with her and continues to be threatened with assault, rape, and murder. Ms. Star has repeatedly begged TDCJ officials to protect her, but Defendants have refused to place Ms. Star in a secure housing placement, known as "safekeeping," or to take other reasonable steps to reduce the acts and threats of harm to her. Ms. Star further alleges that Defendants Livingston, Stephens, Sharp, Eason, Davis, and White failed to train and supervise TDCJ personnel and enforce TDCJ policies so as to, *inter alia*, provide protection from sexual assault and physical harm. Ms. Star also

---

[1] Plaintiff's First Amended Complaint asserts claims against Brad Livingston, Williams Stephens, Lynne Sharp, Ralph Bales, Joni White, Robert Eason, Lorie Davis, Bruce Armstrong, Fernando Fuster, Kenneth Dean, Brian Blanchard, Rene Maldonado, Ralph Marez, Jr., James Sigmund, Prince Pickett, and Leslie Walters (collectively, "Defendants").

alleges that these defendants condoned, ratified, and/or adopted a widespread and pervasive custom and practice that, *inter alia*, denies protection from sexual assault and physical harm. Ms. Star alleges that Defendants' conduct constitutes deliberate indifference to the threats of serious harm to her in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and seeks preliminary and permanent injunctive relief, declaratory relief and damages.

Defendants contend that plaintiff has a history of assaultive behavior, and therefore, cannot be placed in safekeeping, which is reserved for the most vulnerable offenders. In addition, those defendants who work in executive administration in Huntsville, Texas contend that *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) has eliminated any claims for failure to train and supervise, and affirmed that actual personal involvement is required for all suits, like this one, filed under 42 U.S.C. §1983.

**4. Specify the allegation of federal jurisdiction.**

The parties agree that this Court has federal question jurisdiction. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

**5. Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

The parties agree that there are no parties who disagree with Plaintiff's jurisdictional allegations.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties agree that there are none anticipated at this time.

**7.    List anticipated interventions.**

The parties agree that there are no anticipated interventions.

**8.    Describe class-action issues.**

The parties agree that there are no class action issues.

**9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have agreed to exchange initial disclosures by February 26, 2015.

**10.   Describe the proposed agreed discovery plan, including:**

**a.  Responses to all the matters raised in Rule 26(f).**

**(1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The parties do not propose any changes.

**(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

Plaintiff's Statement

Plaintiff anticipates propounding written discovery and taking depositions related to the deliberate indifference of defendants to the risk of serious harm that she faced and still faces in TDCJ facilities. Discovery will include, *inter alia*, the facts and circumstances relating to the risk to Plaintiff of sexual and physical assault and other harm, Defendants' knowledge of the risk of harm to Plaintiff,

5

Defendants' knowledge of complaints made by Plaintiff, including Plaintiff's written grievances that are discussed in the First Amended Complaint, Defendants' knowledge of conduct that formed the basis for Plaintiff's complaints, including the grievances that are discussed in the First Amended Complaint, Defendants' investigations of Plaintiff's complaints, Defendants' knowledge about the prevalence of sexual and other violence in TDCJ and the risk to people in custody perceived as gay or transgender, and Defendants' actions and/or lack of action to protect Plaintiff from the risk of serious harm. In addition, Plaintiff anticipates discovery related to the policies, practices and customs in place to prevent sexual abuse and other violence and the training and supervision related the implementation and enforcement of such policies, practice, and customs.

Fact discovery shall be completed by May 20, 2016.

Defendants' Statement

Defendants anticipate propounding written discovery as well as taking Plaintiff's, fact witness's and expert witness's depositions related to any and all claims and allegations brought in Plaintiff's First Amended Complaint.

Discovery should be conducted in phases to include fact discovery and expert witness discovery.

**(3) any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

The parties have discussed the form of disclosure and discovery in general terms. Defendants' counsel has agreed to look into her office's ability to

6

produce documents that have optical character recognition (OCR) and has agreed to produce an index with her document productions to aid in locating documents.

**(4) any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the court to include their agreement in an order;**

The parties agree to exchange privilege logs within 60 days of the production from which a privileged document was withheld, but in no event less than 60 days before trial. The parties agree that they need not log any document on the privilege log dated on or after the date of filing of this action.

Plaintiff proposes that the parties agree to a clawback procedure for any inadvertently disclosed privileged matter. Plaintiff will include such a provision in her proposed protective order. Defendants have agreed in principle to such a procedure, pending review of the proposed protective order.

The parties agree to attempt to resolve all issues related to privilege or protection pursuant to the Federal Rules of Civil Procedure between themselves prior to seeking intervention of the Court.

**(5) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

Given that Plaintiff has named sixteen defendants, Plaintiff proposes the parties modify the limits on discovery to permit 25 depositions per side. Plaintiff further proposes that the parties agree that, in the event a party believes he or she will need to conduct additional depositions, the parties agree to negotiate in good faith to allow the additional deposition(s).

**(6) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

Given that discovery will involve the disclosure of potentially private and confidential information, Plaintiff proposes the parties enter into a stipulated protective order. Defendants agree in principle, pending review of the proposed protective order and resolving provision to address obligations under Open Records Act, to the extent applicable.

b. **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates serving an initial set of interrogatories on Defendants by March 20, 2015.

c. **When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate serving an initial set of interrogatories on Plaintiff by May 29, 2015.

d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking depositions of each of the Defendants and potential third-party witnesses after it has received full and complete responses to written discovery. Plaintiff anticipates that, given the number of Defendants and volume of discovery, the depositions should be completed by June 2016.

e. **Of whom and by when the defendants anticipates taking oral depositions.**

Defendants anticipate taking depositions of Plaintiff and potential third-party witnesses after it has received full and complete responses to written

discovery. Defendants anticipate that the depositions should be completed by June 2016.

f.
  i. **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

     The parties agree that expert disclosure and discovery will begin after the close of fact discovery. Plaintiff will designate experts, if any, and provide expert reports no later than June 17, 2016. Plaintiff will designate rebuttal experts, if any, and provide rebuttal expert reports no later than 30 days after Defendant designates experts and provides expert reports to Plaintiff.

  ii. **Specify the date experts for defendants will be designated and their reports provided to the opposing party.**

     Defendants will designate experts, if any, and provide expert reports no later than July 18, 2016.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

   Plaintiff anticipates deposing any expert witness designated by Defendants by September 16, 2016.

9

  **h. List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants anticipate deposing any expert witness designated by Plaintiff by October 17, 2016.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

At this time, the parties agree on a discovery plan. Several Defendants, especially those who had no personal involvement in the claims made by plaintiff, intend to file motions asserting their qualified immunity, and object to engaging in discovery, other than initial disclosures, until the court has ruled on their motions.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

Given the number of defendants, the volume of written discovery expected, the number of depositions, and that depositions will involve travel by counsel in several states, fact discovery can reasonably be completed by May 20, 2016 and expert discovery by October 17, 2016.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff discussed her willingness to engage in settlement discussions provided that the defendant(s) with authority to place her in safekeeping or other adequately protective housing be present at any settlement proceedings. Plaintiff also expressed a willingness to provide

information to Defendants in support of her claims in connection with negotiations through Defendants' counsel for placement of Plaintiff in safekeeping.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff has filed and exhausted numerous administrative grievances requesting to be moved into safekeeping or to be otherwise protected and written letters to, *inter alia*, Defendants Joni White, Ralph Bales, and Brian Blanchard requesting placement in safekeeping or additional protection from assaults.

Over the course of the past few months, Plaintiff's counsel had engaged in meet and confer efforts regarding a planned motion for preliminary injunction to request that Plaintiff be placed in safekeeping during the pendency of this action due to ongoing threats of assault and death. Defendants did not agree to Plaintiff's request. Plaintiff's counsel has learned that since her transfer to general population in the Clements Unit, Plaintiff has continued to receive threats of sexual violence and assault, which are again raising the need to place Plaintiff in safe housing immediately. Plaintiff reiterates her request to be placed in safekeeping during the pendency of this action and will work with Defendants' counsel to provide any requested information to facilitate the grant of this request. Plaintiff denies that she has a recent history of assault or any record of discipline that would preclude placement in safekeeping.

Defendants have investigated Plaintiff's claims but have not agreed to Plaintiff's request to be placed in safekeeping. Defendants contend that Plaintiff's history in TDCJ shows he is a possible predator in such an environment.

Defendants are agreeable to mediation at the appropriate time.

**16. From the attorneys' discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable.**

Plaintiff is willing to engage in a court-sponsored mediation or settlement conference with a magistrate on the condition that the defendant with authority to move Passion into safekeeping is present at the mediation or settlement conference.

Defendants are agreeable to mediation at the appropriate time.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff timely demanded trial by jury in her initial Complaint filed on October 23, 2014 and reiterated that demand in her First Amended Complaint filed on January 28, 2015.

Defendants Bales, White, Armstrong and Fuster timely demanded a trial by jury in their Original Answer and Jury Demand filed on January 9, 2015. The remaining Defendants' Answer and Jury Demand deadline have not yet passed.

**19. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that it will take 40 to 60 hours to present the evidence in this case.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants filed a Joint Motion to Transfer Venue on January 9, 2015 (DE 31) and Defendant Livingston Motion to Dismiss Under 12(b)(1) and (6) on February 17, 2015 (DE 40). Plaintiff opposed the Motion to Transfer Venue on January 29, 2015 (DE 37). Since the filing of these motions, plaintiff has filed an amended complaint dismissing defendants who managed

plaintiff while on the Robertson unit. As a result, Defendants anticipate filing an Amended Motion to Transfer Venue. In addition, plaintiff added more executive administration level defendants in the amended complaint. Those defendants intend to file 12b motions to dismiss.

**21.  List other pending motions.**

Defendant Livingston filed a motion to dismiss on January 9, 2015 (DE 32) and Defendants Blanchard, Dean, Fox, Gonzales, Maldonado, Marez, Pickett, Webb filed a motion to dismiss on January 9, 2015 (DE 34). Plaintiff filed a First Amended Complaint on January 28, 2015 that addressed issues raised in the motions to dismiss. (DE 35). The parties agree that the pending motions to dismiss (DE 32, 34) are moot in light of the filing of the First Amended Complaint.

On February 17, 2015, Defendant Livingston filed a motion to dismiss the First Amended Complaint (DE 40). The remaining defendants have not yet filed a response to the First Amended Complaint.

**22.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

As discussed above, in light of, *inter alia*, threats of sexual violence and credible death threats in the Robertson Unit, after Plaintiff filed this action, she began meet and confer efforts prior to moving for a preliminary injunction, seeking placement in TDCJ's safekeeping program or an order requiring Defendants to explain how they plan to protect her from the risk of further harm during the pendency of this action.

In the midst of the meet and confer efforts, Plaintiff was transferred from the Robertson Unit to the Clements Unit, a unit where safekeeping is also not available, where she was again housed in the general population. As Plaintiff had foretold in numerous grievances in which she

requested to be placed in safekeeping because transferring her to general population in another new unit (Clements being her seventh) had proven insufficient to protect her from threats and acts of sexual and physical abuse, soon after being placed in the general population in the Clements Unit, Plaintiff started to receive threats of forcible sexual contact and assault. In addition, Plaintiff has encountered gang-affiliated inmates in Robertson who recognize her from other units and who have threatened to harm her as a result of her efforts to resist sexual violence on those other units. Plaintiff's counsel believes that Plaintiff has filed an emergency request for protection at Clements, but their ability to communicate rapidly with their client remains limited. Plaintiff's counsel is concerned that irreparable harm will befall their client without their knowledge as a result of the limited communication.

Plaintiff's counsel is concerned about Plaintiff's safety and wishes to work with Defendants' counsel to keep her safe during the pendency of this action. Plaintiff denies that she has a recent history of assault or any record of discipline that would preclude placement in safekeeping. If the ongoing efforts to reach a resolution with Defendants' counsel prove unsuccessful, Plaintiff will move for a preliminary injunction to protect her from the imminent risk of irreparable harm during the pendency of this action.

Defendants must concern themselves with the safety of all offenders within its custody and specific requirements must be met in order to house an offender in safekeeping status. Defendants are concerned that Plaintiff may be a predator to other safekeeping offenders given her history of violence. Defendants exercise extreme diligence in placing offenders in safekeeping status. Defendants are open to exploring alternatives.

**23.** **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

The Court has not yet provided the parties an Order for Conference.

**24.** **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

For the Plaintiff Star a/k/a Zollicoffer:

Jael Humphrey-Skomer
NY State Bar No. 4697231
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY  10005-3919
Telephone:  (214) 809-8585
jhumphrey@lambdalegal.org

Paul D. Castillo
TX State Bar No. 24049461
Southern District of Texas No. 2451868
Lambda Legal Defense and Education Fund, Inc.
3500 Oak Lawn Avenue, Suite 500
Dallas, Texas 75219-6722
Telephone:  (214) 219-8585
pcastillo@lambdalegal.org

Kenneth D Upton , Jr
TX State Bar No. 00797972
Southern District of Texas No. 635808
Lambda Legal Defense and Education Fund Inc.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219-6722
Telephone: 214-219-8585
Email: kupton@lambdalegal.org

Christina N. Goodrich
CA State Bar No. 261722
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067

Telephone:  (310) 552-5000
christina.goodrich@klgates.com

Christopher J. Kondon
CA State Bar No. 172339
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone:  (310) 552-5000
christopher.kondon@klgates.com

Saman M Rejali
CA State Bar No. 274517
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone:  (310) 552-5000
saman.rejali@klgates.com

For the Defendants Livingston, Bales, White, Armstrong, Fuster, **:**

Kim Coogan
TX State No. 783867
Law Enforcement Defense Division
of the Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711
Telephone: (512) 463-2080
Facsimile: (512) 936-2109.
kim.coogan@texasattorneygeneral.gov

Ms. Coogan will be representing Stephens, Sharp, Davis, Eason once she receives requests for

representation from those individuals.


For the Defendants Blanchard, Maldonado, Marez, and Pickett:

Christin Cobe Vasquez
TX State Bar No. 24074047
Law Enforcement Defense Division
of the Office of the Attorney General
P.O. Box 12548
Capitol Station, Austin, TX 78711
Telephone: (512) 463-2080

16

Facsimile: (512) 936-2109
christin.vasquez@texasattorneygeneral.gov

Ms. Vasquez will be representing Defendant Walters and Seigman.

Respectfully submitted,

| | |
|---|---|
| /s/ Christina N. Goodrich | 02/26/2015 |
| Counsel for Plaintiff | Date |
| | |
| /s/ Kim Coogan (with permission) | 02/26/2015 |
| Counsel for Defendants Livingston, Bales, White, Armstrong, Fuster | Date |
| | |
| /s/ Christin Cobe Vasquez  (with permission) | 02/26/2015 |
| Counsel for Defendants Blanchard, Maldonado, Marez, and Pickett | Date |