UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA D. ZOLLICOFFER <br> AKA PASSION STAR, | § <br> § <br> § | |
| *Plaintiff*, | § <br> § | |
| v. | § <br> § | CIVIL ACTION H-14-3037 |
| BRAD LIVINGSTON, *et al.*, | § <br> § <br> § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is defendants Brad Livingston, Ralph Bales, Joni White, Bruce Armstrong, Fernando Fuster, Kenneth Dean, Brian Blanchard, Rene Maldonado, Ralph Marez, Jr., Sigmund L. Smith, Prince Pickett, Leslie Walters, Ronald Fox, Adam Gonzales, Jimmy S. Webb, and Juan Lopez's (collectively, "defendants") motion to transfer venue to the United States District Court for the Western District of Texas, Waco Division, pursuant to 28 U.S.C. § 1404(a). Dkt. 31. After considering the motion, the plaintiff's response, the record, and the applicable law, the court **DENIES** defendants' motion to transfer.

**I. BACKGROUND**

Joshua Zollicoffer a/k/a Passion Star ("plaintiff") brings a prisoner civil rights action against defendants, employees of the Texas Department of Criminal Justice ("TDCJ"), and asserts claims under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments. Dkt. 37 at 5. Zollicoffer, a transgender woman, alleges that defendants failed to protect her from violent beatings, rapes, threats, and assaults from other inmates, despite her repeated pleas for protection and placement in "safekeeping." *Id.* at 6. Zollicoffer filed her complaint in the Southern District of

Texas, and defendants move to transfer venue to the Western District of Texas, Waco Division, pursuant to 28 U.S.C. § 1404. Dkt. 31 at 2, 4. Of the sixteen defendants, nine reside and work (or worked) in the Southern District of Texas, and seven reside and work in the Western District of Texas. Dkt. 56 at 7–8. Zollicoffer opposes a transfer. Dkt. 37.

## II. LEGAL STANDARD

Section 1404(a) of Title 28 of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. "The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). Furthermore, the moving party bears the burden of showing why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). In evaluating a § 1404(a) motion to transfer, the court examines (1) whether the action "might have been brought" in the transferee forum, and (2) whether there is "good cause" for transferring the action. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312, 315 (5th Cir. 2008).

### A. Propriety of Transferee Forum

There are two situations in which a transferee forum is proper for transfer under § 1404(a). First, an action may be transferred to a forum in which it "might have been brought." 28 U.S.C. § 1404. Second, a transferee forum is proper if "all parties have consented" to it. *Id.* In the first scenario, the moving party must show that, at the time the suit was originally brought, the transferee forum would have had proper subject matter jurisdiction, personal jurisdiction, and venue. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31, 127 S. Ct. 1184, 1191 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S. Ct. 1003 (1998)); *Atl. Marine Constr.*

*Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 579 (2013). Twenty-eight U.S.C. § 1391, the general venue statute, applies when a more specific venue provision does not apply. 28 U.S.C. § 1391; *Atl. Marine*, 134 S. Ct. at 577. It states in subsection (b):

> **Venue in general.**--A civil action may be brought in--
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

**B.    "Good Cause" Analysis**

The moving party must show "good cause" for transferring the action. *In re Volkswagen*, 545 F.3d at 315. "[T]o show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* In determining whether a venue transfer is for the convenience of parties and witnesses and in the interest of justice, the court looks at four private interest factors and four public interest factors. *Id.* These factors "are not necessarily exhaustive or exclusive," and none are of dispositive weight. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local

interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* "When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." *Id.*

### III. ANALYSIS

Defendants wish to transfer this case from the Southern District of Texas to the Western District of Texas. Dkt. 31 at 4. This means that defendants, as the movants, bear the burden of showing both propriety of the transferee forum and good cause for the transfer.

A.  **Have Defendants Shown that the Action "Might Have Been Brought" in the Western District of Texas?**

Although the propriety of the transferee forum was not directly addressed, defendants seem to suggest that the Western District is proper under 28 U.S.C. § 1391(b)(1)–(2), because some defendants reside there and all defendants reside in Texas, and because a substantial part of the events or omissions giving rise to the claim occurred there. *Id.* at 2–4; 28 U.S.C. § 1391.[1] It is undisputed that some defendants reside in the Western District of Texas, and all defendants reside in Texas. Dkts. 52, 56. The court assumes without deciding that the transferee forum is proper, however, because even if it was proper, the motion fails on the second part of the analysis.

---

[1] Defendants also support their position by pointing out that the Western District would be proper under Texas law. Dkt. 52 at 6. However, the court does not consider this argument because the case was brought in federal court, where federal venue rules apply. *See, e.g., Murphree v. Miss. Publ'g Corp.*, 149 F.2d 138, 140 (5th Cir. 1945) ("It is hornbook law that where a federal statute fixed the venue of the federal courts, state laws are inapplicable.").

**B.    Have Defendants Shown Good Cause for Transferring the Case to the Western District of Texas?**

In order to meet their burden to show good cause to transfer venue,[2] defendants make only the brief argument that witnesses and defendants will be in the Western and Northern Districts, where the incidents of beatings, rapes, threats, and assaults allegedly took place. Dkts. 31 at 4, 52 at 4–5. Though Zollicoffer bears no burden on this issue, she asserts arguments based on several of the private and public factors.. *See* Dkt. 56 at 13–21. Zollicoffer argues that access to sources of proof are readily available in the Southern District of Texas, where the TDCJ Classification and Records Department and Safe Prisons/PREA[3] Management Office are located. *Id.* at 14. These offices hold records of Zollicoffer's grievances, classification documents, documentary evidence of complaints by Zollicoffer and other LGBT inmates of sexual and physical abuse, and purported investigations into such complaints. *Id.* Zollicoffer also points out that defendants have not identified any key witnesses or type of testimony that would make the Western District a better forum, and that because there is a roughly equal number of party witnesses in the Southern and Western Districts, the cost for witnesses to travel and testify will be roughly the same for either forum. *Id.* at 15–16. Zollicoffer further suggests that the Southern District is less congested than the Western District, a factor which would weigh against transferring the case.[4]  *Id.* at 19. Additionally, Zollicoffer asserts that the local interest in having localized interests decided at home

---

[2] The court notes that defendants bear the burden of showing good cause to transfer the case, and therefore does not consider defendants' arguments that Zollicoffer has not met her burden to maintain the case in the Southern District of Texas. *See, e.g.*, Dkt. 52 at 5 ("Plaintiff has failed to demonstrate how citizens of the Southern District of Texas . . . have a more localized interest . . . than the citizens of the Western District . . . .").

[3] Prison Rape Elimination Act.

[4] Zollicoffer asserts that the median time to trial in the Southern District is 19.7 months, whereas in the Western District it is 21.6 months. Dkt. 56 at 19. Further, she urges that the Houston Division has eleven district court judges, while the Waco Division has only one. *Id.*

weighs against transfer, because the relevant decisions and policies in this case were made and implemented by defendants who reside and work in the Southern District. *Id.* at 20.

As to defendants' sole argument that witnesses and defendants are located in the Western and Northern District, they "fail to identify any key witnesses that would be unavailable and, thus, failed to meet their burden that movants for transfer must specifically identify key witnesses and outline the substance of their testimony." *Barnes v. Petroleum Coordinators, Inc.*, No. H:12-1132, 2012 WL 4630570, at *3 (S.D. Tex. Oct. 2, 2012) (Miller, J.) (internal quotations omitted); *see also Mid-Continent Cas. Co. v. Petroleum Solutions, Inc.*, 629 F. Supp. 2d 759, 768 n.3 (S.D. Tex. 2009) (Atlas, J.) ("The moving party must offer more than mere allegations that certain key witnesses are not available or are inconveniently located. Instead, the movant must specifically identify the key witnesses and outline their testimony.") (citations omitted). This cursory argument alone is not sufficient to show that the Western District is "clearly more convenient than the venue chosen by the plaintiff," particularly when nine of the defendants reside in the Southern District. *In re Volkswagen*, 545 F.3d at 315.

## IV. Conclusion

Defendants have failed to meet their burden to show good cause to transfer this case to the Wester District of Texas. Accordingly, the motion to transfer is **DENIED**.

Signed at Houston, Texas on April 27, 2015.

_____
Gray H. Miller
United States District Judge

6